IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN, :
    Plaintiff :
 : CIVIL NO. 1:09-CV-2394
v. :
 : (Judge Caldwell)
JEFFREY A. BEARD, *et al.*, :
    Defendants :

## M E M O R A N D U M

I. *Introduction*

Presently before the court is Defendants' Second Motion to Dismiss the Amended Complaint, addressing the sole remaining claim: whether plaintiff, Shawn Jordan, a convicted sex offender, has a liberty interest in not being removed from a sex offender treatment program ("SOTP" or "program") without due process because his participation is a prerequisite for his parole eligibility, as required by 42 Pa. Con. Stat. Ann. § 9718.1 (West 2007). Defendants argue that Jordan fails to state a claim because his offenses predate the statute, which has not been made retroactive. Jordan has not filed a brief in opposition to the motion, nor has he requested an enlargement of time to do so.

For the following reasons, Plaintiff's claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

II.    *Procedural History*

By memorandum and order of March 12, 2012, the court granted in part, and denied in part, Defendants' first Motion to Dismiss the Amended Complaint. *Jordan v. Beard*, 2012 WL 833023. The only claim that survived was

Jordan's procedural due process claim challenging the manner of his removal from the SOTP program. That claim might have failed for the simple reason that section 9718.1 did not apply to Plaintiff because his sexual offenses predated the act. 2012 WL 833023, at *5. However, we could not decide the claim on that basis because the necessary facts were not before us at the time. *Id.* Accordingly, Defendants were granted leave to submit a second motion to dismiss which would bring those facts before us in a procedurally correct manner. *Id.*[1]

III.   *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted). A court may consider documents that are attached to or submitted with the complaint, *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002), and matters of public record, *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006), including court filings. *See Churchill v. Star Enterprises*, 183 F.3d 184, 190 n.5 (3d Cir. 1999) (citing

---

[1] We dismissed the following claims: Jordan's substantive due process claim based on his removal from the SOTP program; his retaliation claim based on his alleged First Amendment rights to free speech and association with other inmates thought by prison staff to have a negative impact on his therapeutic treatment goals; all claims against Defendants Phillips, Beard, Tennis, Marsh, Thompson, Smith and Varner based on Jordan's failure to state a claim against them.

*Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010) (nonprecedential) (quoted case omitted). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). However, leave to amend need not be granted if amendment would be futile. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

With these principles in mind, we set forth the background to this litigation.

IV. *Background*

In pertinent part, 42 Pa. Con. Stat. Ann. § 9718.1 (West 2007), requires persons convicted of certain sex offenses against a minor to "attend and participate in a [DOC] program of counseling or therapy . . . ." *Id.* § 9718.1(a). This act applies to offenses committed on or after the effective date of the act, December 20, 2000, and specifies that the sex offender "shall not be eligible for parole unless the offender has . . . participated in the program . . . ." *Id.* § 9718.1(b)(1)(ii).

In 1988 Jordan was charged with, among other crimes, murder and involuntary deviate sexual intercourse with a minor. *Commonwealth v. Jordan*, CP-51-CR-0128911-1989 (Pa. Court of Common Pleas - Phila. Cnty.).[2] Jordan pled guilty to the charges, and on October 15, 1990, he was sentenced to fifteen- to forty-years imprisonment. *Id*.; *see also Jordan v. State Police*, Civ. No. 04-5450, 2005 WL 697428 at *3 (E.D. Pa. Mar. 25, 2005).

On April 9, 2008, Jordan began participating in the SOTP. Doc. 25, Am Compl., ECF p. 3.[3]2 Jordan was removed from the program on May 19, 2008.[4] *Id.* Exercising their "professional opinion," treatment staff had determined that Jordan's "actions and statements indicate[d] that he [was] not able to commit himself to serious sex offender treatment at [that] time." *Id*., ECF p. 13.

In January 2009, Jordan reentered the SOTP. In June 2009, a staff member submitted a "vote sheet" for his removal based on his association with another inmate. Doc. 25, ECF p. 2. Jordan filed a grievance regarding his removal. *Id*. at ECF p. 31. He complained that the manner of his removal, via a vote sheet and not a misconduct, violated his Due Process rights. *Id*.

---

[2] The state-court dockets are available through Pennsylvania's Unified Judicial Docket System docket research site at: http://ujsportal.pacourts.us/.

[3] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

[4] Notably, this was the second time Jordan was removed from the SOTP for non-compliance with program requirements. Doc. 25-2, ECF pp. 2 and 13.

V.  *Discussion*

Jordan argues that he has a liberty interest in participating in the SOTP as it is a prerequisite, pursuant to 42 Pa. Con. Stat. Ann. § 9718.1, for his parole eligibility and thus, he is entitled to due process prior to being removed from the program. He alleges he was deprived of the requisite due process when he was removed from the SOTP program via a vote sheet instead of by way of a misconduct which would have provided him with some level of due process protection.

We reject this claim because section 9718.1 does not apply to Jordan. As Defendants point out, he committed his criminal offenses before December 20, 2000, the section's effective date, and the section only applies to offenses committed after its effective date. See *Evans v. Pa. Bd. of Prob. & Parole,* 820 A.2d 904, 908 (Pa. Commw. Ct. 2003) (section 9718.1 applies only to offenses occurring after its effective date); *Porter v. Grace,* No. 05–CV–681, 2006 WL 680820, at *2 n. 2 (M.D.Pa. Mar. 13, 2006) (Caldwell, J.) (same, citing *Evans* ).

For the reason stated, Jordan fails to state a procedural due process claim based on his removal from the SOTP via a vote sheet. We need not give Plaintiff an opportunity to amend since amendment would be futile.

We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: May 21, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN JORDAN,  :
    Plaintiff  :
                                  :  CIVIL NO. 1:09-CV-2394
v.  :
                                  :  (Judge Caldwell)
JEFFREY A. BEARD, *et al.*,  :
    Defendants  :

## *O R D E R*

AND NOW, this 21st day of May, 2012, it is ordered that:

1. Defendants' Second Motion to Dismiss the Amended Complaint (Doc. 38) is granted.

2. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

3. Any appeal taken from this order shall be deemed frivolous, lacking in good faith and without probable cause.

4. The Clerk of Court shall close this file.

                                           /s/ William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge